2019 IL App (2d) 170983-U
No. 2-17-0983
Order filed December 23, 2019

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kendall County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 17-CM-71 |
| CLINTON A. ANDERS, | ) ) ) | Honorable John F. McAdams, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HUDSON delivered the judgment of the court.
Justices Jorgensen and Bridges concurred in the judgment.

**ORDER**

¶ 1   *Held*:  The State proved defendant guilty beyond a reasonable doubt of criminal damage to property.

¶ 2   Defendant, Clinton A. Anders, appeals his conviction of criminal damage to property (720 ILCS 5/21-1(a)(1) (West 2016)). He challenges the sufficiency of the evidence. For the following reasons, we affirm.

¶ 3                                      I. BACKGROUND

¶ 4   At the bench trial, Mukund Patel testified that he was the owner/manager of the All Season motel. On February 10, 2017, defendant checked in, paying in advance for two nights. The next

morning, Patel went to the room and saw children's bicycles and toys inside. He told defendant that he should not have that many items in the room. Defendant's mother came by later and took them away.

¶ 5    The next day, Patel returned to the room to see if defendant would be staying another day. The room was a "complete mess." Beer cans were "all over" and the room was filled with smoke. Also, a curtain had been torn down and was on the floor. It had not been in that condition prior. Patel told defendant three times that he would have to pay for the damage. Defendant did not say anything, but continued trying to collect his belongings, so Patel called the police. When an officer arrived, defendant "just ran away." Patel was unable to rent the room for two days and spent nearly $500 cleaning and repairing it.

¶ 6    On cross-examination, Patel said that, in response to one of his demands for payment, defendant said that his mother was coming to pick him up and he would get the money from her. Patel did not see anyone else in the room while defendant occupied it.

¶ 7    Yorkville police sergeant Sarah Klingel responded to the motel. As she pulled up, she saw defendant leaving room 12 and Patel standing at the door. Defendant was "just walking out." He had his arms folded, so he was not walking "extremely fast." He was about a tenth of a mile from the motel when she approached him. She did not tell him to wait.

¶ 8    Klingel told defendant that Patel claimed that defendant had damaged some drapes and refused to pay. Defendant said that he had told Patel to send him a bill. When she entered the room, she saw ripped curtains and a bent curtain rod. She did not notice any smoke or beer in the room.

¶ 9    Defendant testified that he was staying at the motel because he worked in the area. He had thought his children might visit him there, so he brought their toys and bikes. As he was gathering

his belongings to check out, Patel came to the room and accused him of breaking the curtain. He said that he had not touched the curtain but offered to help fix it anyway. Defendant reiterated that he did not touch the curtain while he was in the room.

¶ 10    The court found defendant guilty. The court found that defendant's leaving the room as Klingel arrived evinced a consciousness of guilt. The court further found that "this isn't a case of I did this [by] accident. This is a case of the defense says I didn't do it, it didn't happen." The court sentenced defendant to one year of conditional discharge.

¶ 11                                II. ANALYSIS

¶ 12    Defendant contends that he was not proved guilty beyond a reasonable doubt of criminal damage to property. He argues that there is simply no evidence that he damaged the curtain or that he did so knowingly.

¶ 13    The State has the burden to prove beyond a reasonable doubt every element of the offense. *In re Winship,* 397 U.S. 358, 364 (1970). When a defendant challenges on appeal the sufficiency of the evidence, we ask "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis in original.) *Jackson v. Virginia,* 443 U.S. 307, 319 (1979). It is not the function of the reviewing court to retry the defendant. *People v. Gray*, 2017 IL 120958, ¶ 35. Rather, the fact finder is responsible for resolving conflicts in the testimony, weighing the evidence, and drawing reasonable inferences from the facts. *Id.* Thus, a reviewing court will not substitute its judgment for that of the trier of fact on questions involving the weight of the evidence or witness credibility. *Id.* A criminal conviction will not be reversed unless the evidence is so unreasonable, improbable, or unsatisfactory that it creates a reasonable doubt of the defendant's guilt. *Id.*

¶ 14    The evidence, viewed in the light most favorable to the State, showed the following. According to Patel, the curtain was undamaged when defendant checked in. There was no evidence that anyone else was in the room, except defendant's mother, who removed the children's toys from the room at some point. As defendant was checking out, the curtain was torn and the rod was bent. It was thus reasonable to infer that defendant damaged the curtain at some point during his stay.

¶ 15    Defendant nevertheless contends that there is no evidence that he damaged the curtain knowingly. A person acts knowingly when he is consciously aware that his conduct is practically certain to cause a particular result. *People v. Dorsey*, 2016 IL App (4th) 140734, ¶ 34. Because a defendant's mental state can seldom be proved by direct evidence, it "may be inferred from surrounding circumstances." *Id.* Here, the trial court found that defendant's departure from the room as Klingel arrived evinced a consciousness of guilt. The trial court elaborated that otherwise: "I think you stay and you say, hey, I didn't do this, this was like it before. I had nothing to do with this curtain rod. You protest. You stay and protest your innocence."

¶ 16    The evidence was sufficient to support this finding. While the testimony varied as to whether defendant "ran away" from the room when Klingel arrived or was "just walking out" when she arrived, the testimony established that defendant was leaving the scene after being accused of damaging the curtain. Evidence of a defendant's flight may be relevant to prove his consciousness of guilt. *People v. Harris*, 225 Ill. 2d 1, 23 (2007). Moreover, the trial court is responsible for resolving conflicts in the testimony, and we will not substitute our judgment for that of the trier of fact on such questions. See *Gray*, 2017 IL 120958, ¶ 35. The evidence was sufficient for the trial court to find that defendant knowingly damaged the curtain. Accordingly,

- 5 -

based upon our review of the record, we cannot say that the evidence was so unreasonable, improbable, or unsatisfactory that it creates a reasonable doubt of defendant's guilt.

¶ 17                                  III. CONCLUSION

¶ 18    The judgment of the circuit court of Kendall County is affirmed.

¶ 19    Affirmed.